**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TUOLUMNE COUNTY JAIL,<br><br>　　　　Defendant. | Case No.: 1:18-cv-01426-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THE ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>[ECF No. 12] |

Plaintiff Raymond C. Watkins is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On December 26, 2018, the Court screened Plaintiff's complaint and found that he had not stated any cognizable claim. (ECF No. 11.) Plaintiff was granted leave to amend his complaint allegations within thirty days to attempt to cure the deficiencies identified in that order. (Id.)

Plaintiff failed to comply with or otherwise respond to the Court's order, and on February 4, 2019, the Court required Plaintiff to show cause why this action should not be dismissed, within fourteen days. (ECF No. 12.) That deadline has passed, and Plaintiff has not responded to the order to show cause. Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

1

# I.

# FAILURE TO STATE A CLAIM

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

In this case, Plaintiff contends that on September 30, 2018, he mailed an evidence package to the United States District Court and the mail was returned to Plaintiff because someone put $13.00 on his books. Plaintiff proved he was indigent at the time it was mailed and mailed it again on October 1, 2018. The mail was returned again on October 10, 2018, because there was not enough postage attached. There was no date stamp applied as per legal mail rule and no inmate mail stamp. Plaintiff attempted to mail it again on October 10, 2018 but was told they would only apply a date stamp for that day and not the date it was original mailed-September 30, 2018.

1    Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Plaintiff fails to state a cognizable claim for denial of access to the courts. The mere fact that Plaintiff's mail was returned due to postage issues is insufficient to demonstrate a denial of access to the court. Plaintiff has failed to set forth sufficient facts to demonstrate that he suffered any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any qualifying pending case. Lewis, 518 U.S. at 348; Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004); Iqbal, 556 U.S. at 678. Accordingly, Plaintiff has failed to state a cognizable constitutional claim for relief.

## II.

## FAILURE TO OBEY COURT ORDERS

As noted above, on February 4, 2019, the Court issued an order to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with or otherwise respond to the December 26, 2018 order. (ECF No. 12.) Plaintiff failed to respond to the order to show cause. Therefore, this action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

///

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommend dismiss of the action for failure to prosecute. Id. Plaintiff has had no contact with the Court in over two months, and repeated attempts to engage him in the litigation have gone unanswered, affecting the use of the Court's resources and management of its docket. There is no pleading on file in this action which sets forth any claims upon which relief may be granted. Plaintiff has been repeatedly warned of dismissal, to no avail, and as Plaintiff is proceeding in forma pauperis and has ceased litigating this action, no lesser sanctions are available.

### III.
### CONCLUSION

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed based on Plaintiff's failure to comply with a court order, failure to prosecute, and for the failure to state a cognizable claim upon which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

4

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 25, 2019**

                                    UNITED STATES MAGISTRATE JUDGE